# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOHN S. MEYERS,

      Plaintiff,

v.                                    Case No:   6:14-cv-1409-LHP

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant

---

## ORDER[1]

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   UNOPPOSED MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)   (Doc. No. 29)
>
> **FILED:**     June 20, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  *See* Doc. Nos. 13, 16–17.  The case was reassigned to the undersigned on April 15, 2024.  Doc. No. 26.

I.     BACKGROUND.

Prior to filing the above-styled case, on August 22, 2014, John S. Meyers ("Claimant") entered into a contingency fee agreement with Bradley K. Boyd, Esq., for the purpose of appealing the Commissioner of Social Security's ("the Commissioner") denial of Claimant's request for social security disability insurance benefits ("DIB").  Doc. No. 29-8.  In the event that the Court remanded the case to the Commissioner for further proceedings and the Commissioner awarded Claimant past-due benefits, then, under the agreement, Claimant agreed to pay Attorney Boyd a fee of up to twenty-five percent (25%) of the total amount of the past-due benefits ultimately awarded.  *Id.*  Pursuant to the fee agreement, the twenty-five percent (25%) cap on attorney's fees included the work performed by counsel at the administrative level.  *Id.*

On August 29, 2014, Claimant filed a complaint alleging that the Commissioner had improperly denied his claim for disability insurance benefits. Doc. No. 1.  On December 22, 2015, the Court reversed and remanded the matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. No. 19.  Judgment was entered accordingly the following day. Doc. No. 20.

Following remand, Claimant timely filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Doc. No. 21.

Attorney Boyd stated that he spent 27.5 hours on this case prior to remand. Doc. Nos. 21, 21-1, 21-3. On March 22, 2016, the Court granted the motion, and awarded a total of $5,145.50 in attorney's fees under the EAJA. Doc. No. 22.

After the complaint was filed in this Court, on August 30, 2014, Claimant filed an application for Supplemental Security Income ("SSI") which appears to have been considered in conjunction with Claimant's application for DIB. *See* Doc. No. 29-1, at 18. On remand from this Court and subsequently from the Appeals Council, several decisions issued from ALJs and the Appeals Council regarding Claimant's applications between 2017 to 2022. Doc. No. 29, at 2; Doc. Nos. 29-1, 29-2, 29-3. Ultimately, however, on April 5, 2022, a fully favorable decision was entered in Claimant's favor finding him disabled. Doc. No. 29-3.

Thereafter, between August 2022 and December 2023, Claimant, through counsel, filed several non-medical requests for reconsideration pertaining to the calculation of past-due benefits. Doc. Nos. 29-4, 29-5, 29-6. Finally, on June 5, 2024, the Social Security Administration ("SSA") issued a notice correcting the notice of award amount and explaining the amount of past due benefits due to Claimant. Doc. No. 29-7. The total amount of past-due disability benefits for February 2015 through September 2023 was $165,236.00, from which the SSA deducted $65,404.00 in offset for SSI, and withheld $41,309.00 for possible attorneys' fees. *Id.* at 1.

Now, by the present motion, filed on June 20, 2024,[2] Attorney Boyd seeks authorization to collect a total of $35,309.00 in attorney's fees under 42 U.S.C. § 406(b). Doc. No. 29, at 4. Attorney Boyd calculates this award as 25% of the past due benefits awarded to Claimant ($41,309.00), less the EAJA fee award ($5,145.00), less an additional voluntary deduction of $854.50 based on fees awarded at the administrative level and that he agreed to deduct pursuant to the fee agreement. *Id.* Neither the Commissioner nor Claimant himself oppose the motion. *Id.* at 5.

## II.   APPLICABLE LAW.

Attorney Boyd seeks attorney's fees pursuant to § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

---

[2] Given the proceedings at the administrative level after remand, the Court finds Attorney Boyd's motion timely. Moreover, the Commissioner has not raised any timeliness issues in this case. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277–78 (11th Cir. 2006) (although Fed. R. Civ. P. 54(d)(2) applies to § 406(b) fee motions, finding § 406(b) fee motion timely solely based on the Commissioner's lack of objection regarding timeliness); *see also Gray v. Saul*, No. CV 15-00522-B, 2019 WL 13218821, at *2 (S.D. Ala. July 10, 2019) (finding § 406(b) fee petition timely given history of case and lack of objection regarding timeliness by the Commissioner).

42 U.S.C. § 406(b)(1)(A).[3]  The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount more than that allowed by the court. *Id*. § 406(b)(2).  Therefore, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."  *Id*. at 1277.  Accordingly, if the court remands a case to the Commissioner, the claimant's attorney is entitled to recover his attorneys' fees for the work he performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits.  *Id*.

---

[3] In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the twenty-five percent limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b).  Accordingly, here, the Court need not consider any § 406(a) fees awarded at the administrative level.  However, Attorney Boyd has voluntarily deducted administrative fees previously awarded pursuant to the fee agreement entered into with Claimant.  Doc. No. 29, at 4; Doc. No. 29-8.

An attorney cannot recover a fee for the same work under both the EAJA and § 406(b)—both of which compensate the attorney for the attorney's efforts before the district court. If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to the claimant the amount of the smaller fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from the attorney's subsequent § 406(b) fee request. *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

The reasonableness of an attorney's fee under § 406(b) depends on whether the claimant agreed to pay the attorney an hourly rate or a contingency fee. In the case of a contingency fee, the best indicator of "reasonableness" is the percentage negotiated between the claimant and the attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, a court cannot rely solely on the existence of a contingency fee agreement. *See Gisbrecht*, 535 U.S. at 807–08. Rather, a court must review the contingency fee agreement as an independent check to ensure that it yields a reasonable result in each case. *Id*. In determining whether the amount sought is reasonable, the court may consider the following factors: (1) the character of the attorney's representation and the result achieved; (2) the number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the

attorney was responsible for delaying the proceedings.  *See id*. at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (noting that the hours spent, and billing rate does not control a court's determination of overall reasonableness).  The attorney seeking fees under § 406(b) bears the burden of showing that the fee sought is reasonable for the services rendered.  *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

### III.   ANALYSIS.

Attorney Boyd represented Claimant before this Court and, through his advocacy, achieved a reversal and remand of the Commissioner's final decision.  Doc. Nos. 18–20.  Ultimately, the Commissioner determined that Claimant was entitled to disability insurance benefits and awarded Claimant past-due benefits in the total amount of $165,236.00.  Doc. No. 29-7.  Attorney Boyd is therefore entitled to an award of attorneys' fees under § 406(b).  *See Bergen*, 454 F.3d at 1271.

Attorney Boyd is entitled to recover up to twenty-five (25%) percent of the past-due benefits awarded.  *See* 42 U.S.C. § 406(b)(1)(A).  Attorney Boyd has elected to effectuate the requisite refund of the EAJA award, *i.e.*, $5,145.00, by reducing his request for attorney's fees under § 406(b) by the amount previously awarded under the EAJA.  *See Jackson*, 601 F.3d at 1271.  Attorney Boyd further

reduces the § 406(b) fee request by $854.50 based on fees awarded at the administrative level and that he agreed to deduct per an agreement with Claimant. Doc. No. 29, at 4. Because the amount Attorney Boyd seeks to collect is less than 25% of the past-due benefits and does not include fees duplicative of the previous EAJA fee award, the amount Attorney Boyd seeks to recover, $35,309.00, is permissible.

Upon consideration, the Court finds that the amount Attorney Boyd requests in § 406(b) fees reasonable. First, Claimant entered a contingency-fee agreement, in which he agreed to pay Attorney Boyd and his law firm a fee of twenty-five percent (25%) of the total amount of the past due benefits ultimately awarded to Claimant (to include the fee paid for work performed at the administrative level). Doc. No. 29-8. This agreement militates in favor of finding that the requested amount is reasonable. *See Wells*, 907 F.2d at 371. Second, Attorney Boyd represents that he spent at least 27.5 hours litigating Claimant's case before this Court. Doc. No. 29-9. As a result of Attorney Boyd's advocacy, Claimant was awarded past-due benefits. Doc. No. 29-7. Third, there is no evidence that Attorney Boyd or his law firm caused any delays in this case. Finally, Attorney Boyd undertook significant risk of non-payment by taking this case on a contingency basis after the Commissioner denied Claimant's request for disability benefits. Considering the foregoing, and absent any objections from the

Commissioner or Claimant, the Court finds the request for $35,309.00 in attorney's fees under § 406(b) reasonable under the circumstances of this case.

**IV.   CONCLUSION.**

For the reasons stated herein, it is **ORDERED** that:

1. The Unopposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 29) is **GRANTED**.

2. Attorney Boyd is authorized to charge and collect from Claimant a total of $35,309.00 in fees under § 406(b).

**DONE** and **ORDERED** in Orlando, Florida on July 3, 2024.

*/s/ Leslie Hoffman Price*
**LESLIE HOFFMAN PRICE**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties